IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANVAS RECORDS, INC. | § § | CIVIL ACTION NO. 4:07-CV-00373 |
| Plaintiff, | § § | |
| | § | (Removed from the 295th Judicial District |
| v. | § § | Court of Harris County, Texas) |
| | § | |
| KOCH ENTERTAINMENT | § | |
| DISTRIBUTION, LLC | § | JURY DEMANDED |
| | § | |
| Defendant | § | |

SUBJECT TO AND WITHOUT WAIVING THE MOTION TO REMAND,

UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSES TO
DEFENDANTS MOTIONS TO DISMISS AND/OR TRANSFER VENUE

AND

PLAINTIFF CANVAS RECORDS, INC.'S RESPONSES TO
DEFENDANT KOCH ENTERTAINMENT LP'S
RULE 12(B)(3) MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE AND
RULE 12(B)(6) MOTION TO DISMISS OR TRANSFER;

AND

UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT

AND

PLAINTIFF'S ORIGINAL ANSWER TO COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Canvas Records, Inc., and subject to the Court's ruling on its

Motion to Remand and without waiving same, files the following:

 A. Unopposed Motion For Extension of Time to File Responses to Defendants Motions to Dismiss and Transfer Venue;

 B. Response to Defendant's Rule 12(B)(3) Motion to Dismiss or Transfer for Improper Venue;

 C. Response to Defendant's Rule 12(B)(6) Motion to Dismiss;

 D. Unopposed Motion for Leave to Amend Complaint; and

 E. Original Answer to Defendant's Counterclaim.

In support hereof, Plaintiff would show this Honorable Court as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff, Canvas Records, Inc., (hereinafter "Canvas") is a Texas corporation with its principal place of business in Harris County, Texas.

2. Defendant, KOCH ENTERTAINMENT DISTRIBUTION, LLC, is, upon information and belief, a New York Limited Liability Company with its principal place of business in New York, which has appeared herein by and through it's "successor-in-interest", KOCH Entertainment LP. KOCH Entertainment LP is, according to its pleading, a Delaware limited partnership with its principal place of business in New York. These entities shall hereinafter be referred to collectively as "KOCH" and/or "Defendant".

3. On or about April 5, 2005, Canvas and KOCH entered into a Distribution Agreement.

4. On or about December 5, 2006, Canvas filed suit against KOCH in the 295th Judicial District Court of Harris County, Texas, alleging causes of action for fraud in the negotiation of the agreement, fraudulent inducement to enter into the agreement, under the Texas Theft

Liability Act, for money had and received and for an injunction requiring the return from KOCH of property owned by Canvas, but possessed by KOCH.

5. Canvas has sought unliquidated compensatory damages, exemplary damages, pre and post judgment interest, costs of suit, as well as, the aforementioned injunctive relief.

6. Defendant filed its Notice of Removal on or about January 26, 2007.

7. Defendant filed its Rule 12(B)(3) Motion to Dismiss or Transfer for Improper Venue, Rule 12(B)(6) Motion to Dismiss and, Original Answer and Counterclaim on or about January 31, 2007.

8. Plaintiff filed its Motion to Remand on February 15, 2007.

### A. UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTIONS TO DISMISS AND TRANSFER VENUE

9. Defendant filed its Rule 12(B)(3) Motion to Dismiss or Transfer Venue and its Rule 12(B)(6) Motion to Dismiss on January 31, 2007. Pursuant to Local Rules 7.4 and 7.5 of the United States District Court for the Southern District of Texas, Plaintiff's responses to these motions would have been due on or before February 20, 2007.

10. Because of prior commitments and scheduling issues, Plaintiff has requested and Defendant has agreed to an extension of time to respond to these motions for two days; which, with court approval, would make these responses due on or before February 22, 2007.

11. Plaintiff seeks leave of the Court, based on this agreement, to file its responses to these motions on or before February 22, 2007.

## B.  RESPONSE TO RULE 12(B)(3) MOTION TO DISMISS OR TRANSFER

12. The basis for Defendant's motion is the forum selection clause in the Distribution Agreement (the "Agreement"). However, Plaintiff has asserted no cause of action based on the Agreement. Plaintiff has asserted causes of action for fraud in the negotiation of and in the inducement to enter into the Agreement. Under Texas law these causes of action are separate and independent of the contract. *Formosa Plastics Corporation USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 52 (Tex. 1998). The Plaintiff is a resident of Harris County, Texas. The misrepresentations involved in the fraud were made and acted on in Harris County, Texas. Venue for these causes of action is proper in this county and in the State of Texas. *See* TEX. CIV. PRAC. & REM. C. §§15.002(a)(1).

13. Defendant further argues that because no fraud has been plead specifically in relation to the forum selection clause, it is still controlling. In the state court (the forum selected by the Plaintiff), the proper remedy for this complaint is to specially except to the pleadings and to require the opposing party to replead. *See* TEX. R. CIV. P. 90 and 91.

14. The original pleading as filed in the district court for the State of Texas is, absent special exception, sufficient to procedurally and substantively to maintain jurisdiction in the state court. Defendant has chosen to remove the case to this Court. Plaintiff is entitled, should the Court refuse to remand the cause, to replead its cause of action to meet the procedural and substantive requirements of this Court and to meet the exceptions raised by Defendant. Federal Rule of Civil Procedure 15(a) permits amendment of a pleading after a responsive pleading has been served with leave of court. However, the court should freely give leave to amend when justice so requires. It is often said that this determination rests in the sound

discretion of the district court. *See, e.g., Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), cert. denied, 464 U.S. 814,(1983). However, the Rule "evinces a bias in favor of granting leave." *Id.* (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). The policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism. *Dussouy*, 660 F.2d at 598.

15. Plaintiff prays this Court deny the Defendant's Rule 12(B)(3) Motion to Dismiss or Transfer Venue.

### C. RESPONSE TO RULE 12(B)(6) MOTION TO DISMISS

16. Defendant again asserts pleading defects in support of its Rule 12(B)(6) Motion to Dismiss, claiming that the Plaintiff has not set forth sufficient factual circumstance to support its claims. Specifically, Defendant raises the heightened pleading requirements applicable to claims for fraud under Federal Rule of Civil Procedure 9(b). Again, the original pleading as filed in the district court for the State of Texas is, absent special exception, sufficient to maintain jurisdiction in the state court. The Defendant has chosen to remove the case to this Court. Plaintiff is entitled, should the Court refuse to remand the cause, to replead its cause of action to meet the procedural and substantive requirements of this Court and to meet the exceptions raised by Defendant.

17. Plaintiff prays this Court deny the Defendant's Rule 12(B)(6) Motion to Dismiss.

## D. UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT

18. Plaintiff filed its Original Petition in the district court of Harris County, Texas. The Petition as filed is sufficient to maintain jurisdiction in the state court and meets the rules and requirements therein. Defendant has chosen to remove this action to federal court, and now moves for dismissal of the action based on pleading defects.

19. Plaintiff should be and is entitled to amend its petition/complaint to meet the requirements of this new forum.

20. Subject to the Court's ruling on its Motion to Remand, Plaintiff seeks leave of Court to amend its petition.

21. Plaintiff prays that should the Court deny its Motion to Remand, Plaintiff be granted leave to amend its complaint within 20 days of such Order.

## E. ORIGINAL ANSWER TO DEFENDANT'S COUNTERCLAIM

22. Paragraph 1 of Defendant's Counterclaim makes no allegations requiring a response from Plaintiff.

23. Responding to paragraph 2 of Defendant's Counterclaim: Plaintiff admits that on or about April 5, 2005, the parties entered into a Distribution Agreement. Based on its allegations of fraud and fraud in the inducement, Plaintiff denies that the Distribution Agreement is a valid or binding agreement. Plaintiff denies the remainder of paragraph 2.

24. Responding to paragraph 3 of Defendant's Counterclaim: Plaintiff admits that the Distribution Agreement appoints KOCH as a distributor, but denies the validity and/or enforceability of the agreement. Plaintiff denies the remainder of paragraph 3.

25. Responding to paragraph 4 of Defendant's Counterclaim: Plaintiff admits that the Distribution Agreement sets forth payment provisions to Koch, but denies the validity and/or enforceability of the agreement. Plaintiff denies the remainder of paragraph 4.

26. Responding to paragraph 5 of Defendant's Counterclaim: Plaintiff denies the allegations in paragraph 5.

27. Responding to paragraph 6 of Defendant's Counterclaim: See responses to paragraphs 1 through 5 above.

28. Responding to paragraph 7 of Defendant's Counterclaim: Plaintiff denies that the facts and circumstances as set forth by the Defendant adequately support a cause of action for breach of contract. Plaintiff denies the principal balance claimed by Defendant.

29. Responding to paragraph 8 of Defendant's Counterclaim: Plaintiff denies the performance by KOCH of any condition precedent and denies its waiver of any such condition precedent.

30. Responding to paragraph 9 of Defendant's Counterclaim: Plaintiff denies the allegations of paragraph 9.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Canvas Records, Inc., Plaintiff herein, respectfully requests that this Honorable Court:

a. Grant leave for Plaintiff to file its responses to Defendants Motions to Dismiss or Transfer Venue on or before February 22, 2007;

b. Deny Defendants Rule 12(B)(3) Motion to Dismiss or Transfer Venue;

c. Deny Defendants Rule 12(B)(6) Motion to Dismiss;

d. Subject to its ruling on Plaintiff's Motion to Remand, grant Plaintiff leave to amend it complaint within 20 days of the Court's denial of the Motion to Remand;

e. Deny all relief sought by the Defendant by way of its Counterclaim;

f. Grant to Plaintiff all such other and further relief, be it at law or in equity, general or special, to which it may show itself justly entitled, and for which it shall ever pray.

Respectfully submitted,

*/s/ Michael D. Sydow*

Michael D. Sydow
TBN # 19592000
4900 Woodway, Ste. 900
Houston, Texas 77056
713-622-9700   Telephone
713-355-2325   Facsimile

ATTORNEY IN CHARGE FOR
CANVAS RECORDS, INC., PLAINTIFF

OF COUNSEL:

SYDOW & MCDONALD
Kelly D. Stephens
TBN # 19158300
4900 Woodway, Ste. 900
Houston, Texas 77056
713-622-9700 Telephone
713-355-2325 Facsimile

## CERTIFICATE OF CONFERENCE

I hereby certify that I have contacted opposing counsel with regard to the Plaintiff's Motion for Extension of Time to Respond to Motions to Dismiss and/or Transfer Venue and that counsel is unopposed to and has agreed to an extension of time to February 22, 2007.

I hereby certify that I have contacted opposing counsel with regard to Plaintiff's Motion for Leave to Amend and that counsel is unopposed to such motion.

Kelly D. Stephens

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion for Extension of Time; Responses to Motions to Dismiss and/or Transfer Venue; Motion for Leave to Amend and Original Answer to Counterclaim were served upon all counsel of record via electronic filing, certified mail/return receipt requested and/or facsimile on this 22nd day of February, 2007.

Via Facsimile 713-623-0887

Roger L. McCleary
Beirne, Maynard & Parsons, LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

Attorney for KOCH Entertainment, LP

Kelly D. Stephens