IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CANVAS RECORDS, INC.** | § | |
| | § | **CIVIL ACTION NO. 4:07-CV-00373** |
| **Plaintiff,** | § | |
| | § | **(Removed from the 295th Judicial District** |
| **v.** | § | **Court of Harris County, Texas)** |
| | § | |
| **KOCH ENTERTAINMENT** | § | |
| **DISTRIBUTION, LLC** | § | **JURY DEMANDED** |
| | § | |
| **Defendant** | § | |

**PLAINTIFF'S REPLY TO DEFENDANT KOCH ENTERTAINMENT LP'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Canvas Records, Inc., and files this its Reply to Defendant Koch Entertainment LP's Response in Opposition to Plaintiff's Motion to Remand and, in support hereof, Plaintiff would show this Honorable Court as follows:

**SUMMARY OF REPLY**

1. Defendant has not met its burden of establishing the amount in controversy. At best, the affidavit of Michael E. Rosenberg sets forth a claimed 25% interest in the inventory held by Koch (which he admits belongs to Canvas Records, Inc.). This is 25% of $159,187.00 or a total amount in controversy of $39,796.75.

2. Once again the Defendant asserts without justification or support that it is "facially apparent" that the amount in controversy meets the jurisdictional minimum. It is Defendant's burden to provide evidence that the amount in controversy exceeds the jurisdictional minimum.

## A. BACKGROUND

3. Plaintiff, Canvas Records, Inc., (hereinafter "Canvas") is a Texas corporation with its principal place of business in Harris County, Texas.

4. Defendant, KOCH Entertainment Distribution, LLC, is, upon information and belief, a New York Limited Liability Company with its principal place of business in New York, which has appeared herein by and through it's "successor-in-interest" KOCH Entertainment LP. KOCH Entertainment LP is, according to its pleading, a Delaware limited partnership with its principal place of business in New York. These entities shall hereinafter be referred to collectively as "KOCH" and/or "Defendant".

5. On or about April 5, 2005, Canvas and KOCH entered into a Distribution Agreement.

6. On or about December 5, 2006, Canvas filed suit against KOCH in the 295th Judicial District Court of Harris County, Texas, alleging causes of action for fraud in the negotiation of the agreement, fraudulent inducement to enter into the agreement, violation of the Texas Theft Liability Act, for money had and received, and for an injunction requiring the return from KOCH of property owned by Canvas, but possessed by KOCH.

7. Canvas has sought unliquidated compensatory damages, exemplary damages, pre- and post-judgment interest, costs of suit, as well as, the aforementioned injunctive relief.

8. Defendant filed its Notice of Removal on or about January 26, 2007.

9. Plaintiff filed its Motion to Remand on or about February 15, 2007.

10. Defendant filed its Response in Opposition to Plaintiff's Motion to Remand on March 6, 2007.

## B.  ARGUMENT AND AUTHORITY

11. This Court does not have diversity question jurisdiction over this lawsuit as alleged by Defendant in its Notice of Removal because the amount in controversy has not been shown to exceed $75,000.00 exclusive of interest and costs as required by 28 U.S.C. Section 1332(a).

12. In subsection B, paragraphs 9 through 14 of its Response in Opposition to Motion to Remand, Defendant has alleged that it is "facially apparent" that the amount in controversy exceeds the minimum amount required.

13. Plaintiff has plead an unspecified amount of unliquidated damages as required under Texas law.  No amount is facially apparent on the pleading.

14. The Defendant also avers that punitive damages, attorney's fees and injunctive relief must be considered determining the amount in controversy for purposes of diversity jurisdiction.

15. While these statements are true at their core, the Defendant slides squarely by its own burden to provide the court with a preponderance of the evidence that the amounts meet or exceed the minimum jurisdictional limit.  The removing party has the burden of establishing both the jurisdictional basis for removal and that all procedural requirements are met. *Albonetti v. GAF Corporation--Chemical Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981).  Removal statutes, 28 USCS Sections 1441 and 1446, are to be strictly construed, and all doubts are to be resolved against removal. *Law v. Int'l Union of Operating Eng'rs Local No. 37,* 178 F Supp 2d 534,536,  (D. Md  2002).  28 USC Section  1441 is to be strictly construed against removal and in favor of remand.  *Green v. Mutual of Omaha,* 550 F Supp 815, 819, (N.D. Cal  1982).

16. The affidavit provided by Defendant of its president sets forth a value of inventory being held of $159,187.00. He then asserts an interest in the inventory of 25% or approximately $39,796.75. He does not dispute that Canvas continues to own the inventory, or to claim any other interest in the inventory. In short, the controversy established is for the interest he claims, or $39,796.75.

17. There has been no evidence of the value of a potential value of a punitive damage claim. The Defendant points to the Texas statute and says this is the maximum available. There is no evidence provided that this is the amount being sought, that it would be reasonable to expect a jury to award such damages based on the actual damages available or that any amount would be sustainable in Texas. Defendant's arguments with respect to New York law have no bearing on the issue. Jurisdiction attaches upon filing and this cause was filed and removed in Texas. Defendant should be held to its burden to strictly comply with its duty upon removal to provide such evidence.

18. There has been no evidence of the amount of attorney's fees which may or may not be at issue in this cause. The Defendant simply states that the Court may, based on the Court's familiarity with the amounts generally charged, reasonably construe the amount of attorney's fees at issue to exceed the minimal jurisdictional limits. Or, the Court may reasonably construe otherwise. Again, it is the Defendant's burden to provide evidence to support such claims, no evidence has been presented and all doubt should be resolved in favor of remand. *Green,* 550 F Supp at 819.

19. The value of the injunction sought is not the value of the entirety of inventory being held. It is undisputed that Canvas maintains ownership of the inventory. The affidavit of

Defendant sets forth a specific claimed interest of 25% in that inventory.  The amount in controversy is that amount on which there is no agreement.  The amount in controversy established by Defendants is $39,796.75.

20. As set forth above, the burden is on the removing party to establish by a preponderance of the evidence that the minimum jurisdictional prerequisite is met.

21. Finally, the Defendant again asserts that Canvas cannot with "legal certainty" establish that its claim amounts to less than $75,000.00.  The legal certainty test is a burden-shifting exercise that applies if, **and only if**, the Defendant has established jurisdiction as set forth above. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Canvas Records, Inc., Plaintiff herein, respectfully requests that this Honorable Court grant its Motion to Remand, remanding this cause to the 295th Judicial District Court of Harris County, Texas, in which it was originally filed and award Canvas Records, Inc. its court costs, expenses, and attorneys' fees.

Respectfully submitted,

/s/ Kelly D. Stephens
Michael D. Sydow
TBA No. 19592000
Kelly D. Stephens
TBA No. 19158300
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 622-9700 [Telephone]
(713) 355-2325 [Telecopier]

ATTORNEY IN CHARGE FOR PLAINTIFF
CANVAS RECORDS, INC.

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the above and foregoing Motion to Remand was served upon all counsel of record via electronic filing, certified mail/return receipt requested and/or facsimile on this 30th day of March, 2007.

***Via Telecopier No. (713) 623-0887***
Mr. Roger L. McCleary
Beirne, Maynard & Parsons, LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

            /s/ Kelly D. Stephens
            Kelly D. Stephens