```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


CANVAS RECORDS, INC.,            §
                                 §
              Plaintiff,         §
                                 §
v.                               §      CIVIL ACTION NO. H-07-0373
                                 §
KOCH ENTERTAINMENT               §
DISTRIBUTION, LLC,               §
                                 §
              Defendant.         §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are Plaintiff Canvas Records, Inc.'s Motion to Remand (Docket Entry No. 7) and Defendant KOCH Entertainment LP's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue and Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 3). For the reasons stated below, plaintiff's motion to remand will be denied, and defendant's motion to dismiss or transfer will be denied.

**I. Background**

On April 5, 2005, plaintiff, Canvas Records, Inc., entered into a distribution agreement (the "Agreement") with KOCH Entertainment Distribution, LLC ("KOCH"). Among other things, the Agreement granted KOCH the exclusive distribution rights for

plaintiff's audio and video products in the United States.[1]  On April 5, 2005, plaintiff filed suit in Texas state district court for Harris County, alleging that "during the negotiations to enter into [the Agreement] . . . KOCH made several material representations which [plaintiff] now believes were intentionally misleading. Based on these intentional misrepresentations, [plaintiff] entered into [the Agreement]."[2]  Plaintiff alleged causes of action for fraud, fraudulent inducement to enter the Agreement, conversion, and liability under the Texas Theft Liability Act, and sought actual and exemplary damages, injunctive relief "in the form of a court order requiring KOCH to return all [plaintiff's] merchandise in the custody and control of KOCH," and "all other relief, in law and in equity, to which plaintiff may be entitled."[3]

Defendant, KOCH Entertainment, LP, as successor-in-interest to and on behalf of KOCH, timely removed the action to this court based on diversity jurisdiction.[4]  Plaintiff now moves the court to remand the action to state court, alleging that the amount in

---

[1]Defendant KOCH Entertainment LP's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue, Rule 12(b)(6) Motion to Dismiss and, Subject to and Without Waiving the Foregoing, Original Answer and Counterclaim, Docket Entry No. 3, Exhibit 1A, unnumbered page 4.

[2]Plaintiff's Original Petition, attached to Defendant KOCH Entertainment LP's Notice of Removal, Docket Entry No. 1, Exhibit B, p. 2.

[3]Id. at 2-4.

[4]Defendant KOCH Entertainment LP's Notice of Removal, Docket Entry No. 1.

controversy has not been shown to exceed $75,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).[5] Defendant seeks "dismissal or, in the alternative, transfer for improper venue to the United States District Court for the Southern District of New York, New York, pursuant to Fed. R. Civ. P. 12(b)(3)."[6] Defendant bases its motion on a forum selection clause in the Agreement that states:

> This agreement shall be governed exclusively by the laws of the State of New York applicable to contracts made and to be performed entirely in such State. The parties agree to the exclusive jurisdiction of the Southern District Court of New York, New York.[7]

## II.  **Plaintiff's Motion to Remand**

Plaintiff argues that remand is appropriate because no amount is pleaded on the face of its petition, and defendant "has failed to bring forward any evidence that the amount in controversy is greater than $75,000 exclusive of interest and costs."[8]

---

[5]Plaintiff Canvas Records, Inc.'s Motion to Remand, Docket Entry No. 7, p. 2.

[6]Defendant KOCH Entertainment LP's Brief in Support of its Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue, Docket Entry No. 4, p. 2.

[7]Defendant KOCH Entertainment LP's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue, Rule 12(b)(6) Motion to Dismiss and, Subject to and Without Waiving the Foregoing, Original Answer and Counterclaim, Docket Entry No. 3, Exhibit 1A, unnumbered page 9, ¶ 18.

[8]Plaintiff Canvas Records, Inc.'s Motion to Remand, Docket Entry No. 7, p. 3.

**A.   Applicable Law**

Federal district courts have original jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332.  Since the diversity of the parties is not in dispute,[9] the sole issue in this case is whether the amount in controversy exceeds $75,000.

The party seeking to invoke federal diversity jurisdiction bears the burden of establishing that federal jurisdiction exists.  Garcia v. Koch Oil Co. of Tex. Inc., 351 F.3d 636, 638 (5th Cir. 2003).  "'[W]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount."  Id. at 638-39 (quoting De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)).  The Fifth Circuit has set forth two ways to satisfy this burden.

> First, jurisdiction will be proper if "it is facially apparent" from the plaintiffs' complaint that their "claims are likely above [$75,000]."  If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the facts – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount."

---

[9]Defendant's Notice of Removal asserts jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because plaintiff is a Texas corporation and KOCH is a New York limited liability company.  Defendant KOCH Entertainment LP's Notice of Removal, Docket Entry No. 1, p. 2.  KOCH Entertainment LP is a limited partnership organized under the laws of the state of Delaware with its principal office in New York.  Id. at 3.

Id. (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).  If the defendant meets this burden, the plaintiff must establish to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.   Analysis**

   1.   Facially Apparent

Defendant first argues that it is facially apparent that the amount in controversy exceeds $75,000.[10]  Plaintiff seeks actual and exemplary damages and attorney's fees arising from KOCH's alleged misrepresentations.  Defendant argues that plaintiff's claim for exemplary damages puts the amount in controversy above the jurisdictional minimum because Chapter 41 of the Texas Civil Practices and Remedies Code allows for exemplary damages to be awarded up to the greater of two times the amount of actual damages or $200,000 if plaintiff proves its allegations.[11]  Tex. Civ. Prac. & Rem. Code § 41.008(b)(2).  Defendant also argues that plaintiff's claim for attorney's fees under the Texas Theft Liability Act must be considered in determining whether the amount in controversy exceeds $75,000 and stresses that plaintiff failed

---

[10] Defendant KOCH Entertainment LP's Response in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 15, p. 4.

[11] Id.  Defendant also argues that if New York law applies to this case, pursuant to the forum selection clause in the Agreement there would be no limit on the amount of exemplary damages that could be awarded.  Id. at 5.

to file a binding stipulation or affidavit purporting to limit the amount in controversy to $75,000 or less.[12]

In determining whether it is "facially apparent that the claims are likely above [$75,000]," the "proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]." <u>Allen</u>, 63 F.3d at 1335-36. In this case plaintiff's petition does not state the extent or the type of injuries plaintiff suffered as a result of KOCH's alleged misrepresentations. The petition merely alleges that KOCH made intentional, material misrepresentations during negotiations to enter into the Agreement and that plaintiff seeks damages for such actions.[13] Plaintiff argues that defendant has not met its burden because it has not shown that "it is reasonable to expect a jury to award such damages based on the actual damages available or that any amount would be sustainable in Texas" and has presented no evidence on the amount of attorney's fees likely to be awarded.[14]

Looking at the petition, it is possible that plaintiff's claim may exceed $75,000. However, this is not the standard the court

---

[12]<u>Id.</u> at 5-6.

[13]Plaintiff's Original Petition, attached to Defendant KOCH Entertainment LP's Notice of Removal, Docket Entry No. 1, Exhibit B, p. 2.

[14]Plaintiff's Reply to Defendant KOCH Entertainment LP's Response in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 17, p. 4.

must use in making this determination. Without any facts to draw from the court cannot conclude, from the face of the petition, that plaintiff's claims will, more likely than not, reach at least $75,000. See Allen, 63 F.3d at 1336 (holding that courts should use a "more likely than not" standard rather than a "could well" standard to determine whether it is "facially apparent" that the amount in controversy requirement is met). The court will therefore look to summary-judgment type evidence relevant to the amount in controversy at the time of removal. Id.

2. Evidence Supporting Jurisdiction

Defendant argues that a preponderance of the evidence establishes that the amount-in-controversy requirement is met.[15] Defendant provides the court with the affidavit of Michael Rosenberg, President of KOCH, which states KOCH has 15,284 of plaintiff's compact discs for distribution.[16] Of these compact discs, 9,872 of them have a regular wholesale value of $10.78 and 5,412 of them have a regular wholesale value of $9.75. Altogether, the total wholesale value of plaintiff's merchandise in KOCH's possession is $159,187. Rosenberg also states that under the Agreement KOCH is entitled to a 25 percent distribution fee, or $39,796.75.[17] Defendant argues that the value of the injunctive

---

[15] Defendant KOCH Entertainment LP's Response in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 15, pp. 6-8.

[16] Id. at Exhibit 1, Rosenberg Affidavit, ¶ 5.

[17] Id.

relief sought by plaintiff exceeds the $75,000 requirement for diversity jurisdiction.[18] Plaintiff argues that this analysis is irrelevant because it is undisputed that plaintiff owns the compact discs and is merely seeking the return of its inventory, and that defendant has shown the actual amount in controversy is $39,796.75.[19]

In an action for equitable relief the amount in controversy is "the value of the object of the litigation. To put it another way, the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983) (internal citations omitted). The proper measure is the benefit or value to the plaintiff, not the cost to the defendant. See Webb v. Investacorp, Inc., 89 F.3d 252 F.3d 257 n.1 (5th Cir. 1996); see also Garcia, 351 F.3d at 639-40. The true "object of the litigation" in this case is the validity of the Agreement, which gives KOCH exclusive distribution rights for plaintiff's audio and video products in the United States.[20] The court therefore concludes that it is more

---

[18]Defendant KOCH Entertainment LP's Response in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 15, p. 6.

[19]Plaintiff's Reply to Defendant KOCH Entertainment LP's Response in Opposition to Plaintiff's Motion to Remand, Docket Entry No. 17, p. 4.

[20]Defendant KOCH Entertainment LP's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue, Rule 12(b)(6) Motion to Dismiss and, Subject to and Without Waiving the Foregoing, Original Answer and Counterclaim, Docket Entry No. 3, Exhibit 1A, unnumbered page 4.

likely than not that plaintiff's requests for injunctive relief, economic and exemplary damages, and "all other relief, in law and in equity, to which [it] may be entitled" meet the amount in controversy requirement under 28 U.S.C. § 1332.  Accordingly, plaintiff can only show that removal is improper by establishing to a legal certainty that the jurisdictional limit is not met.  De Aquilar, 47 F.3d at 1412.  Plaintiff has not attempted to make this showing.  Plaintiff's motion to remand will therefore be denied.

### III.  Defendant's Motion to Dismiss or Transfer

**A.   Defendant's 12(b)(3) Motion**

Defendant seeks to have this action dismissed or, in the alternative, transferred to the Southern District of New York pursuant to Federal Rule of Civil Procedure 12(b)(3).[21]  Although the Fifth Circuit has not yet addressed the "enigmatic question of whether motions to dismiss on the basis of forum selection clauses are properly brought as motions under Fed. R. Civ. P. 12(b)(1) [or] 12(b)(3)," it has determined that such motions may be brought under 12(b)(3).  Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898, 902 (5th Cir. 2005) (internal quotation omitted).

---

[21]Defendant KOCH Entertainment LP's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue, Rule 12(b)(6) Motion to Dismiss and, Subject to and Without Waiving the Foregoing, Original Answer and Counterclaim, Docket Entry No. 3.

The forum selection clause in the Agreement states that "[t]he parties agree to the exclusive jurisdiction of the Southern District Court of New York, New York."[22]  The Southern District of New York is therefore a mandatory, not permissive, venue.  See Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 127-28 (5th Cir. 1994).  In M/S Bremen v. Zapata Off-Shore Co., 92 S. Ct. 1907, 1913, 1916 (1972), the Supreme Court held that in admiralty cases forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances," by "clearly show[ing] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  It is settled law in the Fifth Circuit that a forum selection clause requiring exclusive venue in a state or foreign court triggers application of the Bremen test to determine if an action should be dismissed.  Int'l Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112, 114-15 (5th Cir. 1996).  It is also well-settled that in diversity cases motions to transfer venue pursuant to a forum selection clause are analyzed under 28 U.S.C. § 1404(a).  Stewart Org., Inc. v. Ricoh Corp., 108 S. Ct. 2239, 2245 (1988).  See also Amplicon, 77 F.3d at 115 (noting that in Stewart the Court held that "under federal law the decision whether to *transfer* venue is governed by 28 U.S.C. § 1404(a)" (emphasis in original)).  Stewart

---

[22]Id., Exhibit 1A, unnumbered page 9, ¶ 18.

instructs courts to make an "individualized, case-by-case consideration of convenience and fairness" by "weigh[ing] in the balance a number of case-specific factors," including the forum selection clause. Stewart, 108 S. Ct. at 2244.

In Amplicon, a case involving a forum selection clause that limited jurisdiction to state court, the Fifth Circuit stated that "[a]lthough we would prefer to apply the same Stewart balancing in diversity cases to motions to dismiss and motions to transfer, the other federal courts have decided otherwise and continue to apply Bremen to motions to dismiss based on a forum selection clause." Amplicon, 77 F.3d at 115. The court noted that some district courts in other circuits have treated a motion to dismiss as a motion to transfer, but distinguished these cases by stating that "these cases, unlike our own, did not involve a forum selection clause that limited the agreed venue to a state court." Id.

This case involves the situation the Fifth Circuit took pains to distinguish in Amplicon. Several federal district courts have addressed this issue and have held that when transfer to another federal district court is an option, Stewart, not Bremen, is the proper analytical guide. See, e.g., Southeastern Consulting Group, Inc. v. Maximus, Inc., 387 F. Supp.2d 681, 683-84 (S.D. Miss. 2005); Speed v. Omega Protein, Inc., 246 F. Supp.2d 668, 671 (S.D. Tex. 2003); Dorsey v. N. Life Ins. Co., 2004 U.S. Dist. LEXIS 22443 at *35-37 (E.D. La. Nov. 5, 2004); Lafarque v. Union Pacific R.R.,

154 F. Supp.2d 1078, 1084-85 (E.D. Tex. 2000).[23]  The court is persuaded that the cited opinions represent the correct view of the law and that the proper procedure to enforce a forum selection clause that provides for suit in another federal court is through § 1404(a) and Stewart's balancing test.[24]  Because the agreement designates the Southern District of New York as the appropriate venue, § 1404(a) provides the appropriate analysis.  Section 1404(a) allows for transfer, not dismissal.  Defendant's motion to dismiss pursuant to 12(b)(3) will therefore be denied, and the court will consider whether transfer under § 1404(a) is appropriate.

Section 1404(a) provides that

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  The court must analyze each case on an individual basis and consider several factors, both private and public, none of which are given dispositive weight.  In re

---

[23] But see Vartec Telecom, Inc. v. BCE Inc., 2003 U.S. Dist. LEXIS 18072 (N.D. Tex. Oct. 9, 2003) (applying the Bremen test where transfer to a federal forum is available).

[24] The court notes that the Bremen analysis is still used to determine whether the forum selection clause itself is valid. Elliot v. Carnival Cruise Lines, 231 F. Supp.2d 555, 559 n.3 (S.D. Tex. 2002).  However, plaintiff has not "clearly show[n] that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." Bremen, 92 S. Ct. at 1916.  The court therefore concludes that the forum selection clause is valid.

Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004). The presence of a forum selection clause is "a significant factor that figures centrally in the district court's calculus." Stewart, 108 S. Ct. at 2244. The moving party bears the burden of proving by a preponderance of the evidence that a transfer is appropriate in light of the circumstances surrounding the case. Southeastern Consulting, 387 F. Supp.2d at 684–85.

In this case defendant has not asserted any reason why the case should be transferred except for the existence of the forum selection clause. Defendant has therefore not met its burden of proof. Although the forum selection clause is a factor in the transfer analysis, it is not alone sufficient to justify transfer. A forum selection clause "should receive neither dispositive consideration . . . nor no consideration . . ., but rather the consideration for which Congress provided in § 1404(a)." Stewart, 108 S. Ct. at 2245. Plaintiff argues that the alleged "misrepresentations involved in the fraud were made and acted on in Harris County, Texas."[25] The court therefore concludes that defendant has failed to meet its burden of proof, and transfer is not appropriate.

## B.   Defendant's 12(b)(6) Motion

Defendant also moves the court to dismiss this action for failure to state a claim for which relief can be granted pursuant

---

[25]Unopposed Motion for Leave to Amend Complaint, Docket Entry No. 9, p. 4.

to Federal Rule of Civil Procedure 12(b)(6).  Because plaintiff has not asserted sufficient facts to support its allegations of fraud, fraudulent inducement, conversion, and liability under the Texas Theft Liability Act, plaintiff will be ordered to amend its complaint.

## IV.  Conclusion and Order

For the reasons stated above, Plaintiff Canvas Records, Inc.'s Motion to Remand (Docket Entry No. 7) is **DENIED**, Defendant KOCH Entertainment LP's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue (Docket Entry No. 3) is **DENIED**, and Defendant's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 3) is **DENIED in part and GRANTED in part**.  Plaintiff is **ORDERED** to amend its complaint within 20 days from the entry of this Memorandum Opinion and Order to allege the facts supporting all of its causes of action and to satisfy the requirements of Fed. R. Civ. P. 9(b) as to its causes of action for fraud and fraudulent inducement.

**SIGNED** at Houston, Texas, on this 27th day of April, 2007.

　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE