IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CANVAS RECORDS, LTD.** § | | |
| § | CIVIL ACTION NO. 4:07-CV-00373 | |
| Plaintiff, § | | |
| § | (Removed from the 295th Judicial District | |
| v. § | Court of Harris County, Texas) | |
| § | | |
| **KOCH ENTERTAINMENT** § | | |
| **DISTRIBUTION, LLC** § | | |
| § | | |
| Defendant § | JURY DEMANDED | |

**CANVAS RECORDS, INC.'S**
**THIRD AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Canvas Records, Ltd., complaining of KOCH Entertainment Distribution, LLC, through it's "successor-in-interest" KOCH Entertainment LP and Michael Rosenberg, and for cause of action would show this Honorable Court as follows:

**A. Demand for Jury**

1. Plaintiff, Canvas Records, Ltd., has made demand for a trial by jury on all issues so triable pursuant to Federal Rules of Civil Procedure Rule 38(b) and 81(c), having made the appropriate demand prior to removal.

**B. Parties**

2. Plaintiff, Canvas Records, Ltd., (hereinafter "Canvas") is a Texas limited partnership with its principal place of business in Houston, Harris County, Texas.

3. Defendant, KOCH Entertainment Distribution, LLC, (hereinafter "KOCH") is a New York Limited Liability Company which has appeared and answered herein by and through its "successor-in-interest", KOCH Entertainment LP.

1

4. Defendant Michael Rosenberg is an individual who may be located for service of process at his place of employment at 22 Harbor Park Drive, Port Washington, New York 11050-4617.

## C. Jurisdiction and Venue

5. Jurisdiction has been determined by the court on the basis of diversity pursuant to 28 U.S.C. Section 1332(a)(1).

6. Venue is proper in this district under 28 U.S.C. Section 1391 (a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## D. Facts

7. In the weeks and months prior to April 5, 2005, Canvas and KOCH entered into negotiations to enter into a distribution agreement for the music and video properties of Canvas. During that negotiation KOCH, by and through its president Michael Rosenberg and his attorney, made interalia the following material representations, which Canvas now believes were false and/or misleading, and upon which Canvas relied in entering into the Distribution Agreement of April 5, 2005:

   a. KOCH and Rosenberg represented that KOCH had nationwide distribution agreements with the nation's largest retailers, and that these retailers would be used to promote Canvas products. Neither KOCH nor Rosenberg disclosed that significant retailers such as Borders, Walmart, FYE, Circuit City, Barnes & Noble, Target and Tower Records would not sell Canvas' products.

   b. Neither KOCH nor Rosenberg disclosed that Canvas' products would be subject to a limited and/or shortened shelf life. That is, that Canvas products would either

2

not be placed on the retailers' shelves or would be removed from these retailer's shelves after only a few weeks.

c.  KOCH and Rosenberg represented that KOCH maintained experienced and professional sales representatives that were knowledgeable in their respective fields.  Neither disclosed that the representatives assigned to Canvas products would be frequently changed or that they would be unfamiliar with or not work in the field of products provided by Canvas.  For example, at one point, KOCH assigned a specialist in classical music to represent Canvas' product.  Canvas produces music and videos in the gospel, R&B, pop, jazz and country & western genre.

d.  KOCH and Rosenberg represented to Stuart Pressman that it could and would successfully promote and sell products produced by Canvas.  Through either negligence, incompetence, ignorance, malfeasance, or breach of duty, KOCH did not successfully or reasonably promote and sell Canvas' product.

e.  Neither KOCH nor Rosenberg disclosed that it owned and promoted its own internal record company, which competed directly with Canvas; and,

f.  KOCH failed to disclose the nature, extent and/or magnitude of the expenses to be charged to the product under the Distribution Agreement.

As to each failure to disclose listed above, Canvas contends that KOCH and Rosenberg owed a duties, under the facts and circumstances, to disclose such material facts.

### E. Causes of Action

8.  Based on the foregoing Canvas alleges a cause of action for fraud.

    a.    KOCH and Rosenberg made representations concerning their intent, obligations and ability to perform under the Distribution Agreement. Both failed to inform Canvas of significant facts which would have and did affect the ability of KOCH to fulfill these representations.

    b.    These representations or omissions were material.

    c.    These representations or omissions were false or intended to create a false impression on the part of Canvas.

    d.    KOCH and Rosenberg knew at the time of making the representation or omission that it was false, would create a false impression, or was made recklessly without knowledge of its truth.

    e.    KOCH and Rosenberg intended that, based on such representations and/or omissions Canvas would enter into the Distribution Agreement.

    f.    As to information, which KOCH and Rosenberg failed to disclose, Canvas contends that the facts and circumstances were such that KOCH and Rosenberg had a duty to disclose.

    g.    Canvas, as a result of the representations and/or omissions enter into the Distribution Agreement; and,

    h.    As a result of entering into the Distribution Agreement, Canvas suffered damages.

9.    Based on the foregoing Canvas alleges a cause of action for the fraudulent inducement to enter into the Distribution agreement.

    a.    KOCH and Rosenberg made representations concerning their intent, obligations and ability to perform under the Distribution Agreement. Both failed to inform

        Canvas of significant facts which would have and did affect the ability of KOCH to fulfill these representations.

    b.    These representations or omissions were material.

    c.    These representations or omissions were false or intended to create a false impression on the part of Canvas.

    d.    KOCH and Rosenberg knew at the time of making the representation or omission that it was false, would create a false impression, or was made recklessly without knowledge of its truth.

    e.    KOCH and Rosenberg intended that based on such representations and/or omissions Canvas would enter into the Distribution Agreement.

    f.    Canvas, as a result of the representations and/or omissions enter into the Distribution Agreement; and,

    g.    As a result of entering into the Distribution Agreement, Canvas suffered damages.

10.    Based on the foregoing and Defendants' subsequent acts, Canvas alleges a cause of action for conversion.

    a.    Canvas is the undisputed owner of certain property being held by KOCH.

    b.    The property being held is inventory produced and paid for by Canvas.

    c.    Despite demand that the property be returned, KOCH continues to hold such property and wrongfully claim a lien on a part of the property; and,

    d.    As a result of the illegal holding of the property, Canvas has been damaged.

11.    Based on the foregoing and Defendants' subsequent acts, Canvas alleges a cause of action under the Texas Theft Liability Act, Texas Civil Practice & Remedies Code §§134.001 - 134.005.

    a.    Canvas has a right to its inventory and to the monies collected by KOCH for the sale of inventory belonging to Canvas.

    b.    Defendants have unlawfully appropriated the inventory and the funds intended as payment for that inventory.

    c.    Defendants' unlawful taking was made with the intent of depriving Plaintiff of both the remaining inventory and the money paid.

    d.    Plaintiff has been and continues to be damaged as a result of Defendants unlawful acts.

12. Based on the foregoing and Defendants' subsequent acts, Canvas alleges a cause of action for money had and received.

    a.    KOCH continues to hold and collect money for the sale of inventory belonging to Canvas. Proceeds from the sale of Canvas property belongs to Canvas in equity and good conscience.

    b.    KOCH is being unjustly enriched as a result of holding said funds; and,

    c.    Canvas is being damaged by the continued refusal to deliver these funds.

13. Canvas seeks injunctive relief in the form of a court order requiring KOCH to return all Canvas merchandise in the custody and control of KOCH.

14. Canvas seeks and asserts an action for an accounting for the funds received by KOCH and the expenses charged against same.

**F. Damages**

15. Defendants' wrongful conduct caused and/or proximately caused injury to Plaintiff, and such injuries and damages were within the contemplation of the parties at the time of contracting.

16. Defendants' wrongful conduct caused unliquidated damages in the form direct costs of manufacture, promotional costs expended and loss of sales, as well as, indirect costs of lost time and opportunity and lost profits.

17. Plaintiff seeks exemplary damages for harm caused by Defendant's malice under Texas Civil Practice & Remedies Code section 41.003(a)(2), as defined by section 41.001(7).

18. Plaintiff seeks exemplary damages for harm caused by Defendant's actual fraud under Texas Civil Practice & Remedies Code section 41.003(a)(1), as defined by section 41.001(6).

### G. Conditions Precedent

19. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### H. Prayer

20. For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendants for the following:

    A. Actual damages.

    B. Exemplary damages.

    D. Prejudgment and postjudgment interest.

    E. Costs of suit.

    F. All other relief, in law and in equity, to which plaintiff may be entitled.

>Respectfully submitted,
>
>/s/ Michael D. Sydow
>Michael D. Sydow
>S.D. # 1690
>TBN # 19592000
>4900 Woodway, Suite 900

Houston, Texas 77056
(713) 622-9700 [Telephone]
(713) 355-2325 [Telecopier]

**ATTORNEY IN CHARGE FOR PLAINTIFF**

OF COUNSEL:

SYDOW & MCDONALD
Kristen S. Coleman
TBN # 24038825
4900 Woodway, Suite 900
Houston, Texas 77056
(713) 622-9700 [Telephone]
(713) 355-2325 [Telecopier]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing First Amended Complaint was served upon all counsel of record via electronic filing, certified mail/return receipt requested and/or facsimile on this 6th day of June, 2008.

*Via Telecopier No. (713) 623-0887*
Roger L. McCleary
Beirne, Maynard & Parsons, LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

**Attorneys for Defendants.**

/s/ Michael D. Sydow
Michael D. Sydow