IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CANVAS RECORDS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. H-07-373 |
| § | |
| KOCH Entertainment § | |
| Distribution, LLC, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION**

Presently pending before the court[1] is Defendant's Motion for Summary Judgment (Docket Entry No. 94) and the response filed thereto. For the reasons discussed below, it is **RECOMMENDED** that the motion be **DENIED**.

**I. Case Background**

This action was filed in the 295th Judicial District Court of Harris County, Texas, on December 5, 2006, by Canvas Records, Inc., ("Canvas, Inc." or "Plaintiff") and was removed by Koch Entertainment Distribution, LLC, ("Koch" or "Defendant") on January 26, 2007, on the basis of diversity jurisdiction. In the petition, Canvas, Inc., alleged that Koch breached the parties' April 2005 distribution agreement, fraudulently induced it to enter into the distribution agreement, converted its property and violated the

---

[1] This matter was referred to the undersigned judge pursuant to 28 U.S.C. § 636(b) and the Civil Justice Reform Act. See Docket Entry No. 52.

Texas Theft Liability Act.[2]

The docket control order required the parties to complete discovery by March 28, 2008. On February 28, 2008, Koch filed a motion to compel answers to interrogatories and requests for production.[3] At the time of the hearing on the motion to compel, the discovery deadline had passed and Plaintiff had conducted no discovery. The court ordered Plaintiff to produce certain documents by April 30, 2008, and allowed Defendant Koch to conduct the depositions that had been refused by Plaintiff.

Plaintiff did not fully comply with the court's order, prompting a second motion to compel.[4] That motion was granted in part.[5] As a result of that production of documents, Defendant Koch learned that Canvas, Inc., had never been incorporated, but was organized as a limited partnership. Based on this newly discovered evidence, Koch sought leave to challenge Plaintiff's standing/capacity to sue. Canvas, Inc., sought leave to amend its complaint to properly allege a capacity to sue. Plaintiff's motion was granted, and Plaintiff, proceeding as Canvas Records, Ltd. ("Canvas, Ltd." or "Plaintiff"), filed its Third Amended

---

[2]   Docket Entry No. 1, Notice of Removal, Exhibit B1, Plaintiff's Original Petition, p. 2.

[3]   See Defendant's Motion to Compel, Docket Entry No. 47.

[4]   See Motion to Compel and for Sanctions, Docket Entry No. 59.

[5]   See Minute Entry, Docket Entry No. 66.

Complaint.[6]  Defendant was granted leave to file an amended answer and counterclaim as well as a motion for summary judgment based on the newly discovered issue of Plaintiff's standing to sue.[7]  The motion Defendant filed was not limited to challenging Plaintiff's standing, despite the court's order.  The court now addresses the motion, but limits its consideration solely to the question of standing.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

---

[6]   See Plaintiff's Third Amended Complaint, Docket Entry No. 86.

[7]   See Minute Entry, Docket Entry No. 85.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. <u>Celotex Corp.</u>, 477 U.S. at 323; <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. <u>Celotex Corp.</u>, 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. <u>Id.</u> at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." <u>Evans v. City of Houston</u>, 246 F.3d 344, 348 (5th Cir. 2001). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." <u>Honore v. Douglas</u>, 833 F.2d 565, 567 (5th Cir. 1987).

### III. Analysis

Citing Texas state caselaw and a federal treatise, Defendant's entire analysis on standing is as follows:

> In the instant case, the evidence conclusively negates the argument that Canvas Records, Ltd. was a party to the April 5, 2005 contract between Koch and "Canvas Records, Inc." or its negotiations. Thus, the evidence negates any argument that Canvas Records, Ltd. was personally aggrieved by the alleged facts. Moreover, no evidence has come to light that Canvas Records, Ltd. has any right or legal authority to sue for the alleged claims.[8]

In essence, Koch argues that newly named Plaintiff, Canvas, Ltd., lacks standing to sue because it was not the contracting party and did not suffer any injury due to Koch's actions. Plaintiff's response focuses on aspects of contract and other state law and fails to directly address the threshold inquiry into standing. Nevertheless, the court considers the merits of Defendant's argument.[9]

Standing is a threshold consideration as it defines the limits of the federal court's power to hear and adjudicate cases. See Warth v. Seldin, 422 U.S. 490, 498 (1975); McClure v. Ashcroft, 335 F.3d 404, 408 (5th Cir. 2003). The doctrine has two components, one involves constitutional limitations on federal court jurisdiction and the other involves prudential limitations on its exercise. McClure, 335 F.3d at 408 (citing Raines v. Byrd, 521 U.S. 811, 820

---

[8] Defendant's Motion for Summary Judgment, Docket Entry No. 94, p. 14. The last sentence of this analysis touches on Defendant's contention that Plaintiff lacks the capacity to sue. Capacity to sue and be sued is determined by state law. See Fed. R. Civ. P. 17(b). Defendant has not presented any legal authority indicating that Canvas, Ltd., lacks the capacity to sue.

[9] The Fifth Circuit has stated that, when a party fails to respond to a summary judgment motion at all, the district court should not grant the motion solely because the failure to oppose the motion violated a local rule. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). The court finds similar the situation here in which the nonmovant failed to respond to this particular argument.

(1997)); see also Warth, 422 U.S. 498, 517-18.

In order to have constitutional standing to bring suit, the plaintiff must have sustained an injury in fact "fairly traceable to the defendant's actions" and "likely to be redressed by a favorable decision" in court. Ensley v. Cody Res., Inc., 171 F.3d 315, 319 (5th Cir. 1999); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The injury must be "an invasion of a legally protected interest which is . . . concrete and particularized," as well as actual or imminent. Lujan, 504 U.S. at 560.

The prudential limitations include the general requirement that a plaintiff seek relief based on his own legal rights and interests and not those of third parties. Warth, 422 U.S. at 499; Ensley, 171 F.3d at 319. This component requires that the court review the law on which a claim is based to determine whether it grants persons like plaintiff a right to relief. Warth, 422 U.S. at 500. It is well-settled in Texas that only the parties to a contract may sue for a breach thereof. Wells v. Dotson, 261 S.W.3d 275, 284 (Tex. App. - Tyler 2008)(citing Grinnell v. Munson, 137 S.W.3d 706, 712 (Tex. App. - San Antonio 2004, no pet.) and Boy Scouts of Am. v. Responsive Terminal Sys., Inc., 790 S.W.2d 738, 747 (Tex. App. - Dallas 1990, writ denied)(stating that privity of contract is an essential element of recovery in contract actions).

In its live pleading, Canvas, Ltd., alleges that Koch made certain representations to it during the course of contract negotiations, causing it to enter into the Distribution Agreement of April 5, 2005, wherein Koch agreed to distribute Canvas, Ltd., products.[10] Canvas, Ltd., alleges that it is the undisputed owner of inventory and monies being held by Koch and that it has been injured as a result of Koch's actions.[11]

According to Raymond J. Davis ("Davis"), who is the president of Canvas, Ltd.'s general partner, Koch misnamed Canvas, Ltd., when preparing the distribution agreement.[12] Davis, as well as other Canvas, Ltd., representatives, overlooked the error at the time that they reviewed and executed the contract.[13] Within a few days of executing the distribution agreement, Canvas, Ltd., sent Koch a completed W-9 Taxpayer Information Form in the name of Canvas, Ltd., and provided Canvas, Ltd.'s taxpayer identification number to Koch.[14] After the contract was formalized, Canvas, Ltd., sent Koch a $20,000 check written on the Canvas, Ltd., general account to pay for its share of advertising.[15] Canvas, Ltd., also took out a loan

---

[10] Plaintiff's Third Amended Complaint, Docket Entry No. 86, pp. 2-3.

[11] Id. at pp. 5-6.

[12] Plaintiff's Objections and Response to Defendant's Motion for Summary Judgment, Docket Entry No. 95, Ex. B, Affidavit of Raymond J. Davis, p. 1.

[13] Id.

[14] Id.

[15] Id.; Ex. D, check payable to Koch.

to build a recording studio, an action that was necessary to meet another contractual obligation to Koch.[16]

Koch does not refute the above-recited facts but argues that it contracted with Canvas, Inc., as evidenced by the written agreement. It also claims that the contract's merger clause and the parol evidence rule prohibit the court from looking beyond the express terms of the contract and considering Canvas, Ltd.'s argument of typographical error.

Merger clauses and the parol evidence rule are not relevant to the standing inquiry, but may come into play at some later point in this litigation. For now, the court reviews all of the summary judgment evidence to determine whether Plaintiff meets both the constitutional and the prudential components of standing.

The evidence shows that Plaintiff, at a minimum, expended money for advertising and incurred debt in relation to the performance of the contract. These actual damages are fairly traceable to defendant's actions in the negotiation and execution of the contract and can be redressed by a favorable outcome in this litigation. It goes without question that contract rights are concrete, particularized, and legally protected. Therefore, all of the elements of constitutional standing are met.

The real question in this case is whether Canvas, Ltd., is

---

[16] Plaintiff's Objections and Response to Defendant's Motion for Summary Judgment, Docket Entry No. 95, Ex. B, Affidavit of Raymond J. Davis, p. 2.

seeking relief based on its own legal rights or based on those of Canvas, Inc. Canvas, Inc., is nonexistent; therefore, it has no rights. Canvas, Ltd., is seeking relief for damages it allegedly suffered in connection with the performance of the contract at issue. For purposes of standing only, the court determines that Canvas, Ltd., was a party to the contract and is the real party in interest. In fact, there is no other extant party that may be the actual contracting party.

## IV. Conclusion

It is therefore **RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket Entry No. 94) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 29th day of May, 2009.

Nancy K. Johnson
United States Magistrate Judge